UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PABLO AGUILAR,

    Petitioner,

v.

KEVIN RAYCRAFT, KRISTI NOEM, and PAM BONDI,

    Respondents.

Case No. 25-13497
Honorable Laurie J. Michelson

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS [1]**

On November 3, 2025, Pablo Aguilar filed a petition for a writ of habeas corpus (ECF No. 1) seeking "a prompt individual bond hearing under 8 USC §1226(a) or, alternatively, his release from custody" (*id.* at PageID.1) and a "[d]eclar[ation] that [his] removal proceeding is subject to § 1226(a), *not* §1225(b)" (*id.* at PageID.20). Since filing his petition, Aguilar was released from detention (*see* ECF Nos. 6-3, 9), so the injunctive relief sought (his release or a bond hearing) is no longer applicable.

The Court, however, GRANTS IN PART Aguilar's request for declaratory relief and finds, for the reasons stated in this Court's recent decision in *Robledo Gonzalez v. Raycraft*, No. 25-13502, 2025 WL 3218242 (E.D. Mich. Nov. 17, 2025), that Aguilar's removal proceedings are governed by 8 U.S.C. § 1226(a). *See id.* at *3 (collecting cases); *see also Castañon Nava v. Dep't of Homeland Sec.*, No. 18-03757, 2025 U.S. Dist. LEXIS 233107, at *5–6 (N.D. Ill. Nov. 13, 2025) (noting that "well over 100 district judges from around the country" have found that § 1226, not § 1225,

governs the removal proceedings of noncitizens similarly situated to Aguilar) (citing *Mendez v. Noem*, No. 25-02062, 2025 WL 3124285, at *2 & n.4 (D. Nev. Nov. 7, 2025); Kyle Cheney, *More than 100 judges have ruled against the Trump admin's mandatory detention policy*, Politico (Oct. 31, 2025), https://perma.cc/R4SP-9A4F); *cf. Bautista v. Santacruz*, No. 25-01873, 2025 U.S. Dist. LEXIS 233085, at *11–14 (C.D. Cal. Nov. 20, 2025) (rejecting respondents' argument that case was moot because similarly situated petitioners had received bond hearings, reasoning that "[p]etitioners in this case have not received complete relief due to the real risk of re-arrest and mandatory detention" and that live question remained of whether petitioners were subject to § 1225(b)(2) or § 1226(a), concluding that voluntary cessation exception to mootness applied, and granting petitioners' request to declare unlawful new DHS policy of applying § 1225(b)(2)(A) to petitioners and similarly situated noncitizens). The Court in turn finds that Aguilar is conditionally paroled pursuant to 8 U.S.C. § 1226(a). (*See* ECF No. 12, PageID.99 ("[Aguilar] prays this Court for the relief he sought among others in his petition, namely, a finding or declaration that his removal proceedings are subject to §1226(a), and, as such, that he was recently conditionally paroled as provided by §1226(a).").)

A separate judgment will follow.

SO ORDERED.

Dated: December 8, 2025

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE